SHAHOOD, C.J.
The City of Lake Worth has filed a petition for writ of certiorari. The City seeks review of the trial court’s Final Judgment that partially granted certiorari relief, while denying mandamus relief. While the City filed a petition for writ of certiorari, we treat the case as a final appeal from a final judgment, and reverse and remand with directions to the trial court to enter an amended final judgment in favor of the City.
The Final Judgment resolved challenges by Save Our Neighborhood, Inc. and Betty Anderson to the enactment of city ordinances. Those ordinances concern a 4.02 acre parcel of land. The ordinances amended the City’s comprehensive plan and provided for rezoning of that parcel.
Save Our Neighborhood and Anderson sought to invoke the referendum process set forth in the City of Lake Worth’s Charter to challenge City ordinances. The availability of the Charter’s referendum process turned on interpretation of section 163.3167(12), Florida Statutes (2005), and its definition of the term “affects.” Section 163.3167(12) provides: “An initiative or referendum process in regard to any development order or in regard to any local comprehensive plan amendment or map amendment that affects five or fewer parcels of land is prohibited.” Within the Final Judgment the trial court found that “affected” parcels include the parcel specifically described in the amendment at issue and may also include other affected parcels. We disagree.
Section 163.3167(12) prohibits the referendum process in situations where amendments affect five or fewer parcels of land. We hold that amendments cannot be said to “affect” parcels of land not directly subject to the amendment. This is so regardless of whether the amendment may be said to have an impact or an effect on people who own nearby property. This case involved one parcel of property only and therefore an initiated or referendum *1004 process is prohibited under section 163.3167(12).
Since we are treating this as an appeal and not as a petition for writ of certiorari, we decline to address the second issue presented.

Reversed and Remanded With Directions.

POLEN and GROSS, JJ., concur.